**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **RAMON  PABON RODRIGUEZ** | **CASE NO. 95-02831 ESL** |
| **ELSA IRIS  MEDINA LANDIN** | **CHAPTER 7** |
| **Debtor(s)** | **ADVERSARY NO. 05-0246** |
| **RAMON PABON RODRIGUEZ, HIS WIFE ELSA I. MEDINA LANDIN AND THE CONJUGAL PARTNERSHIP CONSTITUED BY BOTH OF THEM** | |
| **Plaintiff(s)** | |
| **JULIO C. CAJIGAS, HIS WIFE NORMA FELICIANO AND THE CONJUGAL PARTNERSHIP CONSTITUED BY BOTH OF THEM** | FILED & ENTERED ON 3/29/2006 |
| **Defendant(s)** | |

<u>**OPINION AND ORDER**</u>

This adversary proceeding is before the court upon defendant's motion for summary judgment and plaintiff's opposition thereto. Defendant alleges that the issue of the compensation paid to defendant for his professional services as a surveyor in the bankruptcy case was adjudicated by this court and may not be relitigated.  Plaintiffs alleges That there are issues in controversy regarding the reasonableness of the fees paid to Mr. Julio C. Cajigas Morales.  For the reasons set forth below, the motion for summary judgment is granted as the relief requested is barred on the grounds of *res judicata*.

The following facts appear from defendant's motion and the record of the bankruptcy case:

1. On January 7, 1997, the court entered an order approving the trustee's application to employ Mr. Julio Cajigas Morales as a surveyor.

2. On June 1, 1999, Ms. Ana D. Cajigas, in representation of Mr. Julio C. Cajigas, filed a request for payment of administrative expenses in the amount of $21,599.47.

3. On August 2, 1999, the court ordered Mr. Cajigas to give notice of the application for compensation, and stated that if no opposition was filed the same would be granted.

4. On September 13, 1999, Mr. Cajigas moved the court informing compliance with this court's order, and stating that no opposition had been filed.

5. On November 18, 1999, the court entered an order approving the professional fees in the amount of $21,599.47.

6. On March 2, 2002, the debtors and Mr. Cajigas filed a settlement agreement for the payment of $19,075.00 to Mr. Cajigas to resolve controversy on the amounts owed. The agreement was approved on August 6, 2002.

7. On October 4, 2002, Mr. Cajigas filed a motion requesting the payment of the $19,075. The request was granted on October 12, 2002.

8. On November 8, 2002, the debtors moved the court to set aside the order dated October, 12, 2002. The request was denied On December 12, 2002.

9.    On October 15, 2004, the debtors again moved the court requesting a declaratory judgment that Mr. Cajigas has been overpaid. The court denied the request on October 21, 2004, on the grounds that the case had been closed on August 15, 2003, and that a request for declaratory judgment must be initiated as an adversary proceeding.

10.    The instant adversary proceeding was filed on November 4, 2005, to recover the payment made to Mr. Cajigas.

The doctrine of *res judicata* bars parties from litigating or re-litigating any issue or claim that has already been adjudicated in a prior case.  Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 84 (D.P.R. 2002); Del Carmen Tirado v. Department of Education, 296 F.Supp.2d 127, 130 (D.P.R. 2003).  Issues surrounding the application of the doctrine of *res judicata* arise because of the exercise of concurrent jurisdiction by state and federal courts over similar claims based upon similar facts and involving the same parties.  Id.  "The doctrine of *res judicata*, now called claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in an earlier case.  The rule of collateral estoppel, now termed issue preclusion, precludes re-litigation of issues actually adjudicated."  Id., citing 18 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4402, 4404 (1981).  The doctrines of *res judicata* and collateral estoppel serve important purposes; "they prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications."  Esteves v. Ortiz Alvarez, 678 F.Supp. 963, 965 (D.P.R.

1988).

The preclusive effect of a state court judgment depends upon state law.  Kane v. Town of Harpswell (In re Kane), 254 F.3d 325, 328 (1st Cir. 2001), citing Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000); *see also*, Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d at 85 ("[I]f Puerto Rico courts would give preclusive effect to the judgment of a state court, then this Court must also give preclusive effect to said judgment."). Additionally, whether a state court judgment is final for preclusion purposes (claim or issue) is a question of state law.  Federación de Maestros de Puerto Rico v; Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22 fn. 8 (1st Cir. 2005), citing Roy v. City of Augusta, 712 F.2d 1517, 1520 (1st Cir. 1983).  "In Puerto Rico, judgments can be given preclusive effect if they are final and on the merits." Suarez Cestero, 198 F.Supp.2d at 85.

"In Puerto Rico, the broader form of res judicata is applied.  This means that issues which could have been litigated and adjudicated in a previous suit, as well as those actually litigated and adjudicated, cannot be relitigated in a later suit.  The broad form does not extend, however, to collateral estoppel.  Parties may be collaterally estopped only from litigating issues actually litigated previously." Esteves, 678 F.Supp. at 965, citing Mercado Riera v. Mercado Riera, 100 P.R.R. 939 (1972) and Schneider v. Colegio De Abogados De Puerto Rico, 670 F.Supp. 1098, 1104 (D.P.R. 1987).  Under Puerto Rico law, "[i]n order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in

which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such."  31 P.R. Stat. Ann. § 3343 (2002).  "While the statute refers only to res judicata and "the most perfect identity between ...causes" the Supreme Court of Puerto Rico has recognized the operation of the doctrine of collateral estoppel where the issues and parties are the same."  <u>Esteves</u>, 678 F.Supp. at 965, citing <u>Pereira v. Hernandez</u>, 83 P.R.R. 156, 161 n. 7 (1961).

The phrase "perfect identity" is not interpreted literally by courts in Puerto Rico.  <u>Boateng v. InterAmerican University, Inc.</u>, 210 F.3d 56, 61 (1st Cir. 2000), citing <u>Cruz</u>, 204 F.3d at 19; <u>Futura Dev. Corp. v. Centex Corp.</u>, 761 F.2d 33, 43-45 (1st Cir. 1985).  "Thing" refers to the object or matter over which the action is exercised.  <u>Boateng</u>, <u>id</u>., citing <u>Lausell Marzuach v. Díaz de Ya ez</u>, 3 P.R. Offic. Trans. 742, 745 (1975).  "The test for identity of 'things' is whether a decision in the second action may contradict the prior adjudication."  <u>Boateng</u>, <u>id</u>., citing <u>A & P Gen. Contractors, Inc. v. Asociación Caná</u>, 10 P.R. Offic. Trans. 987, 998 (1981).  "Cause" refers to the principal basis, main ground or origin of the action or exceptions raised and decided.  <u>Id</u>.; <u>Esteves</u>, 678 F.Supp. at 965, citing <u>Lausell Marzuach</u>.  "Cause" should not be confused with the means of proof or the legal grounds of the claims of the parties.  <u>Id</u>.  "The requirement of identity of causes does not prevent the *res judicata* doctrine from being applied to a second case simply because the plaintiff alleges a new legal theory in the new case."  <u>Lugo Rodriguez v. Puerto Rico Institute of Culture</u>, 221 F.Supp.2d 229,

237 (D.P.R. 2002).  "Identity of persons" may be found, even though there are some differences in the parties listed in the two actions, if the parties on each side, in each action, have identical interests.  <u>Esteves</u>, 678 F.Supp. at 965.

CONCLUSION

In view of the foregoing, the court finds that there are no relevant facts in controversy AND that the issue concerning the fees paid to Mr. Cajigas in the bankruptcy case was adjudicated and may not be relitigated.  Consequently, defendant's motion for summary judgment is hereby granted.

The Clerk shall enter judgment dismissing the complaint.

SO ORDERED.

San Juan, Puerto Rico, this 29 day of March, 2006.

ENRIQUE S. LAMOUTTE INCLAN
U.S. Bankruptcy Judge

c:    DEBTOR(S)
      JOSE RAUL CANCIO BIGAS
      ANTONIO  FIOL-MATTA
      ANA D. CAJIGAS MORALES
      SANTIAGO MARI ROCA
      UST